UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|

| CONNIE LEE | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) - EMERGENCY MOTION FOR STAY PENDING APPEAL (Dkt. 7 in CV16-3178, and Dkt. 6 in CV16-3172, filed May 12, 2016)

## I.   INTRODUCTION

On April 21, 2016, the bankruptcy court in bankruptcy case no. 2:15-BK-27833-BB ("the bankruptcy case") entered orders granting secured creditor Pasadena, Apts-7, LLC's ("PA7," "creditor," or "appellee") motions for relief from the automatic stay proscribed by 11 U.S.C. § 362. See Bankruptcy Dkts. 188, 189. On April 22, 2016, debtor BGM Pasadena, LLC ("BGM," "the debtor," or "appellant") filed an Emergency Motion for Stay Pending Appeal with the bankruptcy court. See Bankruptcy Dkt. 191. On April 27, 2016, the bankruptcy court denied the debtor's motion for a stay pending appeal and entered a Memorandum Decision Regarding Motion for Stay Pending Appeal. Bankruptcy Dkts. 202, 201.

On May 3, 2016, appellant BGM filed its Notices of Appeal. See B.A.P. Case Nos. 16-1127, 16-1126. On May 5, 2016, appellee PA7 filed its Elections to Proceed in District Court. Appeal Nos. 16-03172 and 16-03178.

On May 12, 2016, appellant BGM filed the instant "Emergency Motion for a Stay Pending Appeal." See District Ct. Dkt. (hereinafter, "Dkt.") 7. ("Motion"). On May 17, 2016, appellee PA7 filed an opposition to appellant's motion. Dkt. 8 ("Opp'n"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03178-CAS <br> 2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

## II. BACKGROUND

      In 2005, the debtor acquired two lots that were part of a development project in Pasadena, California (the "Property"). See Bankruptcy Dkt. 68-2 (Galletly Decl.) at ¶ 4. On October 22, 2009, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating the bankruptcy case entitled In re BGM Pasadena LLC, case number 2:09-bk-39135-RN (closed) in the United States Bankruptcy Court for the Central District of California. Id. at ¶ 5. On December 22, 2011, the bankruptcy court in the 2009 bankruptcy action entered an Order Approving a Settlement Agreement (the "Settlement Agreement") between the debtor and City Ventures' and/or its wholly owned entity Pasadena Apts-7, LLC, (the appellee in this action), which had acquired the second and fifth deeds of trust on the Property. Id. at ¶ 6. On March 27, 2012, the bankruptcy court in the 2009 bankruptcy action entered an Order Approving Chapter 11 Plan of Reorganization, (the "2012 Plan") (see Case No. 09-39135, Docket No. 309), and on February 26, 2013, the bankruptcy court entered the Final Decree, (see Case No. 09-39135, Docket Nos. 330 and 354). Id. at ¶ 7. The case was closed on March 18, 2013 (see Case No. 09-39135, Docket No. 356). Id.

      Following several mediation agreements and arbitration awards arising out of the Site Development Agreement and/or the Settlement Agreement, on February 9, 2015, City Ventures recorded a Notice of Default and Election to Sell Under Deeds of Trust based upon what it averred was a "non-curable" default resulting from a change in the debtor's ownership structure. Galletly Decl. at ¶ 9. Specifically, PA7 argued that the debtor had "surreptitiously transferred the beneficial ownership of the Property without notice to, or permission of[,] PA7,[thereby] triggering the debtor's obligation to immediately pay the entire balance due under both the 2005 and 2007 notes." Bankruptcy Dkt. 92 (Motion for Relief from Stay), at 13; see also Bankruptcy Dkt. 125, at 3. The parties unsuccessfully attempted to resolve the alleged defaults through additional arbitration and mediation, and on November 20, 2015, the debtor filed its second voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Galletly Decl. at ¶ 10; Bankruptcy Dkt. 1.

      Two months later, on January 22, 2016, the debtor filed a Plan of Reorganization. Galletly Decl. at ¶ 10; Bankruptcy Dkt. 55. On February 10, 2016, the Debtor filed a Motion to Confirm the Plan and it was set for hearing on April 13, 2016. Galletly Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**                                   'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

at ¶ 11; Bankruptcy Dkts. 66, 80.  On March 29, 2016, the debtor filed a Second Amended Plan of Reorganization Dated February 29, 2016 (the "Plan").  Galletly Decl. at ¶ 12; Bankruptcy Dkt. 110.

On March 15, 2016, before the hearing scheduled on confirmation, PA7 filed two motions for relief from the automatic stay proscribed by 11 U.S.C. § 362.  See Bankruptcy Dkts. 92-93.  On April 12, 2016, the bankruptcy court issued its tentative rulings, and on April 21, 2016, the bankruptcy court entered orders granting the motions for relief from the section 362 automatic stay.  See Bankruptcy Dkts. 188, 189.

On April 22, 2016, pursuant to Fed. R. Bankr. P. 8013(d)(2)(B), the debtor filed an Emergency Motion for Stay Pending Appeal with the Bankruptcy Court.  On April 27, 2016, the bankruptcy court entered a Memorandum Decision Regarding Motion for Stay Pending Appeal and an Order denying the request for a stay pending appeal.  Bankruptcy Dkts. 202 (memorandum), 201 (order).

In the instant "emergency motion," the debtor seeks review of the bankruptcy court's denial of the request for a stay pending appeal of the bankruptcy court's order lifting the automatic stay.

### III.  LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8005 provides that a district court may order a stay of a judgment, order, or decree of a bankruptcy court pending appeal.  See Fed. R. Bankr. P. 8005.  "When deciding whether to issue a discretionary stay pending a bankruptcy appeal, courts use the following four factors, which "were imported from the standard for deciding preliminary injunctions or staying them pending appeal": (1) movant's likelihood of success on the merits of the appeal; (2) significant and/or irreparable harm that will come to movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest lies.  In re North Plaza, LLC, 395 B.R. 113, 119-20 (S.D. Cal. 2008) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

It is "well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous."  In re Irwin, 338

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | AMENDED CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
| Title | *In re BGM Pasadena, LLC* | | |

B.R. 839, 844 (E.D. Cal. 2006) (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)). Where, as here, "a bankruptcy court has [already] ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." In re Universal Life Church, Inc., 191 B.R. 433, 437 (E.D. Cal. 1995) (citing In re Wymer, 5 B.R. 802, 807 (9th Cir. B.A.P. 1980)).

"A bankruptcy court abuses its discretion if [1] it applies an incorrect legal standard or misapplies the correct legal standard, or [2] if its fact findings are illogical, implausible or not supported by evidence in the record." In re City of Stockton, California, 542 B.R. 261, 272 (B.A.P. 9th Cir. 2015). Ultimately, "discretion is abused only where no reasonable man would take the view adopted by the [bankruptcy] court"—stated differently, "[i]f reasonable men could differ as to the propriety of the action taken by the [bankruptcy] court, then it cannot be said that the [bankruptcy] court abused its discretion." In re Irwin, 338 B.R. at 844 (citation omitted).

## IV. DISCUSSION

11 U.S.C. § 362(a)(1) automatically stays the commencement or continuation of certain actions or proceedings, as well as the recovery of certain claims, against a debtor following the debtor's initiation of chapter 11 bankruptcy proceedings. See 11 U.S.C. § 362(a)(1). Here, the bankruptcy court granted relief from the section 362(a) automatic stay pursuant to both 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(3). The debtor appealed the bankruptcy court's lift of the automatic stay, and further moved the bankruptcy court for a stay of the court's ruling pending adjudication of the appeal. In denying the debtor's request for a stay pending the appeal, the bankruptcy court considered the following factors: (1) the debtor's likelihood of success on the merits of the appeal; (2) the debtor's likelihood of suffering irreparable harm absent a stay; (3) the harm of a stay to adverse parties; as well as (4) where the public interest lies. Here, the Court reviews for abuse of discretion the bankruptcy court's decision regarding the appropriateness of a stay pending appeal. In re Universal Life Church, 191 B.R. at 437.

### A.   Likelihood of Success on the Merits

The "most critical" of the four factors in the Court's analysis are (1) the likelihood of success on the merits and (2) irreparable harm. Lair v. Bullock, 697 F.3d 1200, 1204

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

(9th Cir. 2012). Regarding the first factor, it is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). Because the Supreme Court in Nken did not specify "the exact degree of likely success that stay petitioners must show, . . . courts routinely use different formulations to describe this [factor]." Leiva–Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). The Ninth Circuit has "concluded that many of these formulations, including 'reasonable probability,' 'fair prospect,' 'substantial case on the merits,' and 'serious legal questions . . . raised,' are largely interchangeable." Id. at 967-68.

Here, the debtor contends that it has a substantial likelihood of demonstrating on appeal that the bankruptcy court erred in concluding that relief from the automatic stay was warranted under both 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(3). However, upon a review of the bankruptcy court's memorandum opinion and the complete record in this matter, the Court finds that the debtor has failed to demonstrate that there is a "substantial case for relief on the merits," Leiva–Perez, 640 F.3d at 966.

    **1.**    **11 U.S.C. § 362(d)(1)**

Section 362(d)(1) allows a bankruptcy court to grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1); In re Delaney-Morin, 304 B.R. 365, 368 (B.A.P. 9th Cir. 2003). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985). In the instant case, the bankruptcy court found "cause" for relief based upon its finding that the debtor had—in a court-approved Settlement Agreement that arose from its prior bankruptcy case—expressly waived the right to the automatic stay imposed by 11 U.S.C. § 362. The court relied upon section 16.2 of the Settlement Agreement, which reads in relevant part as follows:

> [I]n the event of the filing of any [subsequent] bankruptcy case [that may be filed by Debtor], Debtor agrees that sufficient cause exists for the bankruptcy court having jurisdiction over such bankruptcy case *to grant Creditors relief from the automatic stay based upon, among other things, lack of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

> *adequate protection. Debtor irrevocably consents and waives any right to object, and Creditors shall be entitled, to an order granting relief from any and all stays, including the automatic stay imposed by 11 U.S.C. §362 or equitable relief under 11 U.S.C. §105, or other applicable law, so as to permit Creditors to foreclose upon the Property and to exercise any and all other rights and remedies of Creditors under applicable law, this Agreement or any other Loan Document.*

Bankruptcy Dkt. 92, Ex. 8 (Settlement Agreement), at 9 (emphasis added).

     It is true, as the debtor argues here and previously argued before the bankruptcy court, that it is generally "against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code." Bank of China v. Huang (In re Huang), 275 F.3d 1173, 1177 (9th Cir. 2002). "This prohibition of prepetition waiver has to be the law; otherwise, astute creditors would routinely require their debtors to waive." Id. Indeed, "any attempt by a creditor in a private *pre-bankruptcy* agreement to opt out of the collective consequences of a debtor's future bankruptcy filing is generally unenforceable. The Bankruptcy Code preempts the private right to contract around its essential provisions." In re Pease, 195 B.R. 431, 434-35 (Bankr. D. Neb. 1996) (emphasis added).

     However, as the bankruptcy court rightly noted, "waivers that are approved after notice and an opportunity for hearing in the context of an earlier bankruptcy case" are not *per se* (or even generally) unenforceable. Bankruptcy Dkt. 202, at 5. As the bankruptcy court further explained,

> When such a waiver is made a part of a confirmed plan or a court-approved settlement agreement, either with the consent of unsecured creditors or after they have received notice and an opportunity to object, absent changed circumstances, such waivers have routinely been enforced. The Debtor in this case has not identified any facts or circumstances that should make this Court unwilling to enforce the parties' earlier court-approved settlement. That agreement contemplated that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

          Secured Creditor would be entitled to relief from the automatic
          stay if the Debtor filed another bankruptcy case.

Id. at 6.

     Although the bankruptcy court's order does not cite to any cases enforcing pre-petition waivers, there is no shortage of authority supporting the court's statement of the law. See, e.g., In re Frye, 320 B.R. 786, 796 (Bankr. D. Vt. 2005) (enforcing a pre-petition agreement); In re Excelsior Henderson Motorcycle Mfg. Co., 273 B.R. 920 (Bankr. S.D. Fla. 2002) (enforcing a pre-petition agreement); In re Shady Grove Tech Ctr. Assoc. Ltd. P'ship, 216 B.R. 386 (Bankr. D. Md. 1998) (setting forth several factors as to whether cause exists to warrant relief from stay); In re Atrium High Point Ltd. P'ship, 189 B.R. 599 (Bankr. M.D. N.C. 1995) (holding that pre-petition waivers are enforceable in appropriate cases); In re Priscilla Cheeks, 167 B.R. 817 (Bankr. D. S.C. 1994) (enforcing a pre-petition forbearance agreement); In re Jenkins Court Assoc. Ltd. P'ship, 181 B.R. 33 (Bankr. E.D. Pa. 1995) (holding that a pre-petition agreement would not be enforced without further development of the facts); In re Sky Group Int'l, Inc., 108 B.R. 86 (Bankr. W.D. Pa. 1989) (holding that a pre-petition waiver was not self-executing or per se enforceable); In re Club Tower, L.P., 138 B.R. 307 (Bankr. N.D. Ga. 1991) (holding that pre-petition waivers are enforceable).

     The debtor in the instant case, like the debtors in In re Frye, In re Atrium, and In re Excelsior, "entered into [a] pre-petition agreement[] *as a result of a negotiated provision of a plan of reorganization in a prior bankruptcy case*." In re Frye, 320 B.R. 786, 789 (Bankr. D. Vt. 2005) (emphasis added). "Enforcing the Debtor's agreement under these conditions does not violate public policy concerns," as this "is not a situation where a prohibition to opposing a motion to relief was inserted in the original loan documents . . . ." In re Excelsior, 273 B.R. at 924; see also In re Frye, 320 B.R. at 789 (noting that the waiver in that case was not in the original loan documents but rather was part of the Forbearance Agreement to which the parties entered after the debtor's first bankruptcy case was filed). Still, to the extent any such waivers are enforceable, the debtor argues that the bankruptcy court impermissibly "failed to implement any recognized balancing test" in finding the wavier to be valid. The bankruptcy court in In re Frye, for example, listed the following factors as relevant to the question whether relief from a stay should be granted based on a waiver:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL** 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
| Title | *In re BGM Pasadena, LLC* | | |

 (1) the sophistication of the party making the waiver;

 (2) the consideration for the waiver, including the creditor's risk and the length of time the waiver covers;

 (3) whether other parties are affected including unsecured creditors and junior lienholders;

 (4) the feasibility of the debtor's plan;

 (5) whether there is evidence that the waiver was obtained by coercion, fraud or mutual mistake of material facts;

 (6) whether enforcing the agreement will further the legitimate public policy of encouraging out of court restructurings and settlements;

 (7) whether there appears to be a likelihood of reorganization;

 (8) the extent to which the creditor would be otherwise prejudiced if the waiver is not enforced;

 (9) the proximity in time between the date of the waiver and the date of the bankruptcy filing and whether there was a compelling change in circumstances during that time;

 (10) whether the debtor has equity in the property and the creditor is otherwise entitled to relief from stay under § 362(d).

Id. at 790-91.

   The "weight given to each factor will vary on a case-by-case basis and must be left to the sound discretion of the court, based upon the equities, facts and circumstances

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

presented." Id. at 791.  Here, the debtor, who is represented by able counsel, appears to be fairly sophisticated and further appears to have received consideration for the pre-petition waiver that arose from the prior bankruptcy proceeding.  The debtor cites no evidence of coercion, fraud, or mutual mistake, nor does the debtor indicate that any compelling change in circumstances has occurred since the agreement was entered and approved in the prior bankruptcy proceeding.  Indeed, the waiver is embodied in a bankruptcy-court approved settlement agreement that is only a few years old and whose subject is the same property at issue in the instant bankruptcy proceeding.  Finally, enforcement of the waiver will further the legitimate public policy of encouraging out-of-court restructurings and settlements.

While it is true that the bankruptcy court did not individually balance each of these factors in its memorandum disposition, the court's ultimate conclusion is supported by the record and does not constitute an abuse of discretion.  In arguing otherwise in the instant motion, the debtor has failed to meet "its burden to make a strong showing that success on the merits [of its appeal] is likely."[1]  Lair, 697 F.3d at 1204; see In re N. Plaza, LLC, 395 B.R. 113, 121 (S.D. Cal. 2008) ("Showing a 'likelihood of success' requires that the movant raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry.") (citing County of Alameda v. Weinberger, 520 F.2d 344, 349 n.12 (9th Cir. 1975)).

   2.   11 U.S.C. § 362(d)(3)

---

[1] The Court rejects the debtor's contention that it was not previously provided an opportunity to address the issue of pre-petition waiver before the bankruptcy court.  As the bankruptcy court noted in its memorandum opinion, the original motion for relief from the automatic stay sought relief for "cause" under section 362(d)(1) and further attached a copy of the Settlement Agreement to the motion.  Bankruptcy Dkt. 202, at 5.  Furthermore, the bankruptcy court indicated that it had provided the debtor with an opportunity to present its arguments regarding the waiver, but nonetheless found these arguments unavailing.  In any event, this Court has also considered, and rejected, the debtors' arguments regarding the waiver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### AMENDED CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

  Section 362(d)(3) requires that courts grant relief from the section 362 automatic stay for secured creditors to proceed against "single asset real estate," like the Property here, *unless* the debtor, within 90 days of the date the petition is filed, files a chapter 11 plan "that has *a reasonable possibility of being confirmed within a reasonable time*." 11 U.S.C. § 362(d)(3). The purpose of section 362(d)(3) is to "ensure that the automatic stay provision [is] not abused" by the debtor, while also "giving the debtor the opportunity to create a workable plan of reorganization" within ninety days. In re Leeward Subdivision Partners, LLC, 2010 WL 6259983, at *4 (B.A.P. 9th Cir. June 11, 2010) (citation omitted). Thus, section 362(d)(3) helps prevent "debtors with little hope of successfully reorganizing delay the bankruptcy process while secured creditors are left helplessly on the sidelines." Id. (citation omitted).

  Here, the bankruptcy court concluded that the debtor's various plans had "no prospect whatsoever of being confirmed." Bankruptcy Dkt. 202, at 4. More specifically, the court found that the debtor had filed "an unrealistic bare-bones plan early in the case, a slightly-revised version shortly thereafter[,] and an amended version . . . more than 90 days after the case was filed," and that none of the proffered plans had "a realistic prospect of reorganization within a reasonable period."[2] Id. The court's conclusion regarding the likelihood of confirmation was based upon the plans' treatment of the Secured Creditor: namely, the Court's conclusion (1) that the Secure Creditor's claims were impaired, despite the debtor's contention to the contrary; and (2) that the debtor's latest plan "understate[d] the amount of the Secured Creditor's second priority deed of trust by more than $600,000 and the amount of its fifth priority deed of trust by more than $1,800,000." Id.

  In the instant motion, the debtor contends that the bankruptcy court's analysis "fails to acknowledge that the [final proposed plan], and its proposed payments, are based on the Debtor's right to cure all defaults and pay all creditors in full" pursuant to 11

---

  [2] The Court notes that a debtor may not simply "file a token plan within the 90-day period and then defend a lift stay motion by arguing that its late-filed amended plan can be confirmed. While 11 U.S.C. § 1127(a) allows a debtor to file an amended plan, this general provision cannot be used as an end-run around the more specific language in Section 362(d)(3)." In re RYYZ, LLC, 490 B.R. 29, 45 (Bankr. E.D.N.Y. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
| Title | *In re BGM Pasadena, LLC* | | |

U.S.C. §§ 1123(a)(5)(G)³ and 1124(2),⁴ as well as the Ninth Circuit's decision in In re

---

³ Section 1123(a)(5)(G) provides that

> (a) Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall—
>
> \*\*\*
>
> (5) provide adequate means for the plan's implementation, such as—
>
> \*\*\*
>
> (G) *curing or waiving of any default*.

11 U.S.C. § 1123(a)(5)(G) (emphasis added).

⁴ Like section 1123(a)(5)(G), section 1124 describes, but does not define, what it means to "cure" a default:

> Except as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—
>
> \*\*\*
>
> (2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default—
>
> > (A) cures any such default that occurred before or after the commencement of the case under this title,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

Entz-White Lumber and Supply, Inc., 850 F.2d 1338 (9th Cir. 1988).

    In Entz–White, a secured creditor had objected to confirmation of the debtor's chapter 11 plan on the grounds that the plan did not allow for the creditor's claim for default interest.  The debtor had argued to the bankruptcy court that its plan, by paying the arrearages on the debt, "cured" its default.  Entz-White, 850 F.2d at 1340.  In the debtor's view, this "cure" nullified any consequences of the default, including a post-maturity higher interest rate.  Id.  The bankruptcy court rejected the debtor's argument, and the Ninth Circuit reversed, holding that "by curing the default, [the debtor was] entitled to avoid all consequences of the default-including higher post-default interest rates."  Id. at 1342.  According to the court, "the power to cure under the Bankruptcy Code authorizes a plan to nullify all consequences of default, including avoidance of default penalties such as higher interest."  Id.

    Here, the debtor rightly notes that the bankruptcy court did not cite to Entz-White, 11 U.S.C. § 1123(a)(5)(G), or 11 U.S.C. § 1124(2).  However, the court did note in a footnote that there are "uncured" defaults that the court considered to be "arguably incurable."  Bankruptcy Dkt. 202, at 4 n.2.  Indeed, a review of the record in this case reveals that the parties *stipulated* in November 2015 that the debtor's non-monetary default was "not curable":

> other than a default of a kind specified in section 365(b)(2) of this title.
>
>            \*\*\*
>
> (C)    compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law. . . .

11 U.S.C. § 1124(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

> It is stipulated by the parties that a transfer of between 25% and 33% of the member ownership interest in BGM was made . . . [and was] not permitted under the notes and trust deeds . . . .
> *The parties further stipulated that the acts are "not curable."*

Bankruptcy Dkt. 92, Ex. 12, at 3; see also Dkt. 125, at 12.

    Ultimately, however, the bankruptcy court's conclusion as to section 362(d)(3) is immaterial here, in light of the Court's conclusion regarding the existence of ample "cause" for relief from the automatic stay pursuant to section 362(d)(1). As the bankruptcy court rightly noted in its memorandum order, its conclusion under 362(d)(1) is sufficient to sustain its finding regarding the lift of the automatic stay. Thus, even if the debtor has a "reasonable probability" or "fair prospect" of success as to the bankruptcy court's determination under section 362(d)(3), any such likelihood of success would not warrant a stay pending appeal, so long as the waiver remains likely to be enforced.[5]

    **B.**     **Irreparable Harm**

---

    [5]     In addition, the debtor also argues that the bankruptcy court "incorrectly held that the [d]ebtor was required to seek and obtain approval of a disclosure statement prior to confirmation, announcing what amounted to a *per se* rule that disclosure statements are required in all cases before the Bankruptcy Court will consider confirmation of a reorganization plan." Motion at 7. The debtor contends "that a grant of relief pursuant to section 362(d)(3) on the basis that no disclosure statement was filed is clear error unsupported by a plain reading of the Bankruptcy Code and applicable case law." Motion at 7. In reality, however, the bankruptcy court did not grant relief under section 362(d)(3) on the basis of the debtor's failure to file a disclosure statement, cautioning instead that its conclusion "was not based exclusively or even primarily on the debtor's failure to file a disclosure statement." Dkt. 202, at 3. In other words, the bankruptcy court did not—as the debtor contends—"effectively pre-determine[]" the outcome of the case for relief under section 362(d)(3) by invoking a "per se rule requiring the preparation, filing and approval of a disclosure statement . . . before entertaining confirmation of a plan or even allowing a hearing on confirmation to be set."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

"It is well-established that the loss of an interest in real property constitutes an irreparable injury." Park Vill. Apt. Tenants Ass'n v.Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). The Property at issue here includes, *inter alia*, three historical and unique buildings that have been designated as Historic Landmarks and have received local historic preservation awards for renovations completed by the Debtor. Galletly Decl. at ¶ 16. Accordingly, the debtor asserts that foreclosure of the Property would result in irreparable injury. Upon consideration of the debtor's argument regarding irreparable harm, the bankruptcy court was "not persuaded that the Debtor has established that irreparable injury will in fact ensue if a stay is not issued." Dkt. 202, at 6. In light of the relevant standard requiring more than a mere possibility of irreparable harm, this Court agrees.

First, although the debtor contends that failure to obtain a stay (1) will allow PA7 to foreclose on the Property, (2) will moot the appeal, and (3) will render any reorganization in this matter futile, "[i]t is well settled that an appeal being rendered moot does not itself constitute irreparable harm." In re 203 N. LaSalle St. Pshp., 190 B.R. 595, 598 (N.D. Ill. 1995) (citation omitted); see also In re Irwin, 338 B.R. at 853 (same); In re Fullmer, 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (collecting cases).

Second, the Court notes that "both the Supreme Court and the Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is *the more probable or likely outcome*' if the stay is not granted . . . ." In re Red Mountain Mach. Co., 451 B.R. 897, 900 (Bankr. D. Ariz. 2011) (emphasis added) (citing Leiva-Perez, 640 F.3d at 966). While the first factor regarding the merits of the appeal asks "whether the stay petitioner has made a strong argument on which he could win," the second factor asks the Court to "anticipate what would happen as a practical matter following the denial of a stay." Leiva–Perez, 640 F.3d at 968. As between these two factors, the Ninth Circuit has noted that the lower court "is in a much better position to predict the likelihood of harm than the likelihood of success [on the merits]." Id. at 967 (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1139 (9th Cir. 2011) (Mosman, D.J., concurring )).

Here, again, the bankruptcy court was ultimately "not persuaded that the Debtor has established that irreparable injury will in fact ensue if a stay is not issued."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

Bankruptcy Dkt. 202, at 6. In the instant motion, the debtor has not provided any additional argument or evidence of changed circumstances that would lead this Court to conclude that the bankruptcy court's finding was an abuse of discretion. Indeed, the debtor here argues that "failure to obtain a stay will *allow* PA-7 to foreclose on the Property." Motion at 15. However, the question "whether the applicant will be irreparably injured absent a stay" requires more than "some possibility of irreparable injury." Nken, 556 U.S. at 434-35 (internal quotation marks omitted). The mere possibility of a potential foreclosure on an as-yet unknown future date is not sufficient grounds for finding that irreparable harm is "the more probable or likely outcome if the stay is not granted." In re Red Mountain Mach. Co., 451 B.R. at 900 (internal quotation marks and citation omitted).

      C.      **Injury to other parties interested in the proceeding**

The aforementioned factors regarding likelihood of success on the merits and irreparable harm "are the most critical" to the Court's analysis here. Lair, 697 F.3d at 1204 (citation omitted). However, the bankruptcy court also rightfully considered whether issuance of the stay will substantially injure the other parties' interested in the proceeding. The court concluded that issuance of a stay pending appeal would mean the debtor's "entire bankruptcy case could end up in an indefinite holding pattern, while the [debtor] retained the Secured Creditor's collateral and failed to make monthly payments in exchange." Bankruptcy Dkt. 202, at 7. The court further reasoned that issuing a stay pending the appeal would remove any incentive for the debtor "to move forward with confirmation of a plan of reorganization to keep the Secured Creditor from foreclosing, as the Secured Creditor would be effectively precluded from obtaining relief from stay" until an appellate ruling. Id.

In the instant motion, the debtor contends that a foreclosure by PA7 would be "a disaster for most creditors of the estate" and would "eviscerate any recovery for unsecured creditors, resulting in an irreparable harm that clearly outweighs any injury to PA7 resulting from a stay pending appeal." Motion at 18. Ultimately, even assuming that these contentions are true—such that this factor weighs in favor of granting a stay pending appeal—any such finding would not warrant a different result here, given the debtor's failure to demonstrate a likelihood of success on the merits or irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-03178-CAS<br>2:16-cv-03172-CAS | Date | June 2, 2016 |
|---|---|---|---|
| Title | *In re BGM Pasadena, LLC* | | |

harm.  C.f. Leiva–Perez, 640 F.3d at 964-66 (noting that the stay inquiry is "flexible" and involves an equitable balancing of the stay factors).

### D.  Public Interest

Finally, the bankruptcy court also appeared to consider where the public interest lies in considering the propriety of a stay pending appeal.  Among other things, the court noted that "the tools available . . . to effectively manage the underlying bankruptcy case and move it forward toward resolution would be significantly limited if a stay pending appeal were issued."  Bankruptcy Dkt. 202, at 7.  There is, of course, a "public interest in the just, speedy, inexpensive, and accurate determination of every bankruptcy case . . . ."  In re N. Plaza, 395 B.R. at 126 n.15.  In any event, just as with the Court's determination regarding factor three, a finding in the debtor's favor regarding where the public interest may lie cannot inform a different result where the likelihood of succeeding in the underlying appeal appears to be fairly low.

### V.  CONCLUSION

In accordance with the foregoing, debtor-appellant BGM's "Emergency Motion for Stay Pending Appeal," dkt. 7 in CV16-3178, and dkt. 6 in CV16-3172, is hereby **DENIED**.

Accordingly, the Court's temporary stay (dkt. 10 in CV16-3178, and dkt. 9 in CV16-3172, entered May 19, 2016) of the Bankruptcy Court's Orders Granting Motions for Relief of the Automatic Stay Under 11 U.S.C. § 362, Bankruptcy Docket Nos. 188 and 189, is hereby lifted.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CL |